**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

              **Plaintiff,**

v.                                            **Case No: 6:24-cv-365-ACC-DCI**

JULIUS T. PRICE and
PRICE'S ACCOUNTING FIRM, INC.,

              **Defendants.**

_____

**ORDER**

By Order dated March 28, 2025, the Court granted Attorney S. Natasha Keys' Motion to Withdraw as Counsel for Defendants Julius T. Price (Price) and Price Accounting Firm, Inc. (the Firm). Doc. 41. The withdrawal left Price proceeding *pro se* and the Firm without counsel. *Id.* The Firm subsequently defaulted and the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a). Doc. 49. It appeared, however, that Price continued to defend the matter. *See*, *e.g.*, Doc. 44, 48.

Plaintiff noticed Price's deposition, but Price did not appear. As such, pending before the Court is Plaintiff's Motion to Compel Discovery and for Sanctions Against Price. Doc. 50 (the Motion to Compel). Price apparently notified Plaintiff the night before the deposition that he would not attend "on the advice of a non-attorney so that he could continue his search for a new attorney." *Id*. at 3. (citing Doc. 50-3).[1] Plaintiff states that Price failed to appear at his properly

---

[1]Plaintiff attaches to the Motion to Compel an email dated July 28, 2025, from pricesaccountingfirm@yahoo.com, which reflects the following:

> SORRY FOR LATE EMAIL I WILL NEED TO RESCHEDULE THE
> DEPOSTITIONS FOR TUESDAY JULY 29 AT 9:30 I SPOKE WITH MY

noticed deposition and, therefore, Plaintiff requests that the Court compel Price to attend a rescheduled deposition and to impose sanctions against Price. *Id*.[2]

The Motion to Compel and request for sanctions remains pending but Plaintiff has since filed a Second Motion for Sanctions Against Price because Price also failed to appear at the mediation conference. Doc. 52 (the Motion for Sanctions). Plaintiff states that the parties scheduled mediation for August 12, 2025 but Price emailed the mediator and Plaintiff's counsel on August 11, 2025 "declining the invitation to attend the August 12, 2025, mediation because he had not yet obtained legal counsel." *Id*. (citing Doc. 52-1).[3] Based on the foregoing, Plaintiff requests that the Court sanction Price for his failure to attend the mediation by entering a default judgment pursuant to Rule 37(b)(2)(A)(vi). *Id*. at 4.

---

> TAX STATEGIST AND HE INFORMED ME TO POSTPONE THE DEPOSITION UNTIL THE ATTOREY IS ABLE TO SPEAK WITH YOU. SOME ONE FROM THE LEGAL TEAM WILL BE REACHING OUT TO YOU SOON.

Doc. 50-3 at 1.

[2] It appears that the parties' conferred and Price agreed on the date for the deposition but did not appear despite the notice of deposition. Docs. 50 at 2; 50-1 at 1.

[3] Plaintiff attaches to the Motion for Sanctions an email from "J Price" dated August 11, 2025, which reflects the following:

> THIS LETTER IS A RESPONSE TO MEDIATION INVITATION: IN RESPONSE TO YOUR INVITATION TO THE MEDIATION ZOOM MEETING ON TUESDAY AUGUST 12, 2025 I RESPECTFULLY DECLINE TO ATTEND, FOR I HAVE NOT YET ATTINED LEGAL REPRESENTATION. THANKS IN ADVANCE FOR UNDERSTANDING

Doc. 52-1 at 1.

Upon due consideration, the Court finds that an entry of default judgment is not appropriate at this juncture. "Sanctions may be imposed for failure to appear at mediation, violations of Local Rules, violation of a court order, and failure to participate in discovery." *Broadcast Music, Inc. v. Bisla and Bisla, LLC*, 2013 WL 12156460 at \*2 (citing *Pinero v. Corp. Courts at Miami Lakes, Inc.*, 389 Fed. Appx. 886,888 (11th Cir. 2010) (failure to appear at mediation); *Castle v. Appalachian Tech. Coll.*, 430 Fed. Appx. 840,842 (11th Cir. 2011) (failure to comply with local rules); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (disregarding court orders); *Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 914 (11th Cir. 2010) (failure to participate in discovery); Fed. R. Civ. P. 37(b)(2)(A), 37(d)(3)).

Here, there is no dispute that Price failed to appear at the deposition and the mediation. Price did not file responses to the Motion to Compel or the Motion for Sanctions and, therefore, the Motions are deemed unopposed. *See* Local Rule 3.01(c). To enter default judgment, however, "the district court must make a finding of willful or bad faith failure to comply." *Broadcast Music*, 2013 WL 12156460, at \*3; *see also Action Nissan, Inc. v. Hyundai Motor Am. Corp.*, 2024 WL 4288047, at \*1 (M.D. Fla. Sept. 25, 2024) (finding that to enter default judgment Rule 37 "requires a willful or bad faith failure to obey a discovery order.") (quoting *Holland v. Westside Sportsbar & Lounge, Inc.*, 2020 WL 7390723, at \*3 (M.D. Fla. Aug. 11, 2020)); *see also United States EEOC v. Excel Hospitality Grp. LLC*, \*2020 WL 5982554, at \*2 (M.D. Fla. Oct. 8, 2020) ("[C]ourts have required a showing of a willful or bad faith failure to obey a discovery order, before imposing the sanction of a default judgment or dismissal."). "[A] finding of 'willful bad faith conduct that cannot be deterred by lesser sanctions' is sufficient to support entry of a default judgment." *Broadcast Music*, 2013 WL 12156460, at \*3 (quoting *Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc.*, 412 Fed. Appx. 230, 232 (11th Cir. 2011)).

And, on the record, the Court is not currently persuaded that lesser sanctions are not more appropriate. Namely, based on Price's emails, it appears that Price assumed that he could reschedule or "decline to attend" the deposition and the mediation and believed that he was not required to attend because he was still searching for counsel. Even if Price was mistaken about the necessity to attend, it is not clear to the Court that there is evidence of bad faith or willfulness or that the severe sanction of default judgment is warranted.

Even so, while the Court will not enter a default judgment, the Court agrees with Plaintiff that Price should be compelled to attend a deposition. The Court also agrees that Plaintiff is entitled to recover the expenses caused by Price's failure to attend the July 29, 2025 deposition. Assuming *arguendo* that Price did not act in bad faith, Price still agreed to the date of the deposition but waited to the eve of that deposition to cancel. Docs. 50-1; 50-3. Again, Price has not responded to Plaintiff's request for sanctions (including reasonable expenses for the failure to appear), and the time to do so has expired. *See* Local Rule 3.01(c); *see also* Fed.R.Civ.P. 37(d)(3) ("Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

Likewise, the Court finds that Plaintiff is entitled to recover the expenses associated with Price's failure to attend the August 12, 2025 mediation. The Court set August 13, 2025 as the deadline for mediation in the CMSO and stated that "the Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference." Doc. 31 at 1, 12. Price waited until the night before the August 12, 2025 mediation to "decline to attend." Doc. 52-1. The Court does not find evidence of bad faith or willfulness but Price's failure

to appear violated the Court's CMSO.  Plaintiff includes a request for the Court to order Price to pay the reasonable expense for the failure to appear, and Price did not respond to that request.  It is, therefore, unopposed and due to be granted.  *See* Local Rule 3.01(c); *see also* Fed.R.Civ.P. 16(f)(C); Fed.R.Civ.P. 37(b)(2)(c) ("Instead of or in addition to the[se] orders . . ., the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

Finally, the deadline for dispositive motions has passed.  *See* Doc. 31.  In the Motion to Compel, Plaintiff requests that the Court compel Price to attend the re-noticed deposition to occur no later than September 3, 2025 and extend the dispositive deadline—currently August 15, 2025— by 45 days.  Doc. 50 at 5.  Because Price failed to appear at the deposition and the mediation, the Court finds that Plaintiff has shown good cause to extend the CMSO deadline.  *See* Rule 16(b)(4). Considering that extension, the Court also finds it necessary to amend other CMSO deadlines.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion to Compel (Doc. 50) and Motion for Sanctions (Doc. 52) are **GRANTED in part** to the extent that:

    a. the parties shall schedule another mediation, which all parties shall attend;

    b. **on or before September 15, 2025**, the parties shall notify the Court of the new mediation date;

    c. Plaintiff may re-notice Price's deposition to occur no later than **September 17, 2025** and Price shall appear at the re-noticed deposition;

    d. pursuant to Fed.R.Civ.P. 16(f)(1)(C); Fed.R.Civ.P 37(b)(2)(c), (d)(3); the Court finds that Plaintiff is entitled to the reasonable expenses, including attorney

fees, incurred in making the Motion to Compel (Doc. 50), the Motion for Sanctions (Doc. 52), the expense of the July 29, 2025 deposition, and the expense of the August 12, 2025 mediation.  Price had an opportunity to be heard regarding Plaintiff's requests for expenses but provided no response to the Motions (Docs. 50, 52) and, therefore, has made no argument to suggest that the failure to respond was substantially justified or that other circumstances make an award of expenses unjust;

e.  if the parties cannot agree on an amount, Plaintiff may file a motion to quantify the expenses;

f.  the CMSO deadlines are amended as follows:

    i.  Dispositive Motions, *Daubert*, and *Markman* Motions due October 15, 2025;

    ii.  All Other Motions including Motions in Limine due November 17, 2025;

    iii.  Meeting *In Person* to Prepare Joint Final Pretrial Statement to be conducted on or before March 9, 2026;

    iv.  Joint Final Pretrial Statement (Including a Single Set of Jointly Proposed Jury Instructions and Verdict Form (Also sent to Chamber's email in Microsoft Word Format), Voir Dire Questions, Witness Lists, Exhibit Lists on Approved Form), Trial Briefs due March 23, 2026; and

    v.  Trial – May 4, 2026;

2.  the remainder of the Motions (Docs. 50, 52) are **DENIED without prejudice**; and

3.  the CMSO (Doc. 31) otherwise remains in effect.

**ORDERED** in Orlando, Florida on September 3, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties